IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Western Division

| | |
|---|---|
| CYNDEE and PAUL WOOD, | ) |
| Plaintiffs, | ) |
| v. | ) CV-98-P-1523-W |
| THE COUNTY OF BIBB, ALABAMA, et al., | ) |
| Defendants. | ) |

FILED 99 DEC 21 PM 1:03 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED DEC 21 1999

## Opinion

Before the Court is Defendants' Motion to Alter, Amend or Vacate this Court's order of November 10, 1999. For the reasons expressed below, the motion is due to be granted.

### I. Procedural History[1]

On June 12, 1998, Plaintiffs commenced this action seeking declaratory and injunctive relief, compensatory, and punitive damages against Defendants based on allegations that they were deprived of their constitutional rights due to certain conditions of the Bibb County Jail during the three day period of their incarceration in March of 1998. On May 18, 1999, the Court issued an order dismissing Plaintiffs' claims against Bibb County. On November 10, 1999, the Court issued a memorandum opinion and order which granted summary judgment to Defendants on all of Plaintiffs' claims, except Cyndee Wood's claim relating to the denial of her prescription anxiety medication. On November 24, 1999, Defendants filed a Motion to Alter, Amend or Vacate this Court's partial denial of summary judgment. Oral argument was heard on the motion via telephone conference on December 15, 1999.

### II. Cyndee Wood's Denial of Medication Claim

To establish a claim for denial of medical care under the Fourteenth Amendment, Plaintiff must prove deliberate indifference on the part of the Defendants to a serious medical need. *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994). This standard has both an objective and a subjective component. *Id.* Whether the medical condition alleged is a serious medical need is the objective inquiry. *Id.* The subjective component requires a showing of deliberate indifference -- knowledge of the need for medical care and intentional refusal to provide that care. *Id.* (citing *Mandel v. Doe,* 888 F.2d 783, 788 (11th Cir. 1989).

---

[1] The Court hereby incorporates the Statement of Facts contained in the original memorandum opinion issued on November 10, 1999.

76

While Defendants have cast considerable doubt on whether Plaintiff's condition qualifies under the objective inquiry, for purposes of this decision the Court is willing to presume the existence of a serious medical need. Nevertheless, Defendants are still entitled to summary judgment because Plaintiff cannot show deliberate indifference on the part of the Defendants. Because Plaintiff presented no direct evidence that either Sheriff Fleming or Chief Jailer Harris had any knowledge of her medical condition or requests for medication, this Court's November 10, 1999 opinion relied upon circumstantial evidence in recognizing a factual dispute on the issue of whether Defendants were deliberately indifferent to Cyndee Wood's medical needs. Upon further reflection, the Court concludes that the circumstantial evidence[2] is insufficient to create such a dispute. This is especially true in light of the fact that Plaintiff testified that she came into contact with Chief Jailer Harris at least two times and with Sheriff Fleming at least once during her stay at the Bibb County Jail. Yet, despite the obvious opportunity, Plaintiff made no mention to either Defendant that she was suffering from a medical condition or was being denied her prescription medication.

Even if the circumstantial evidence presented was sufficient to put Defendants on notice of Ms. Wood's medical condition, this evidence alone is not sufficient to show deliberate indifference on the part of Defendants. The case law has made it clear that an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care *and* fails or refuses to obtain medical treatment for the inmate. *Lancaster v. Monroe County,* 116 F.3d 1419, 1425 (11th Cir. 1997). In the present case, the prescription called for Plaintiff to take 1-2 pills every six hours, "as needed." Plaintiff testified that she took at least one pill shortly before being incarcerated. Furthermore, it is undisputed that Plaintiff received at least three Vistaril pills during her approximate 64 hours of incarceration.[3] These facts do not square with a finding of deliberate indifference.

In attempting to establish deliberate indifference on the part of Defendants despite the above facts, Plaintiff seeks to hang her hat on the violation of a Bibb County Jail policy which requires that a nurse be on staff to ensure adherence to State Board of Pharmacy regulations. While liability may be imposed for the existence of an improper policy or from the absence of a policy, the present case is not one where such a policy helps to establish deliberate indifference with respect to Cyndee Wood. *See Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir. 1991). The Bibb County Jail was under no constitutional obligation to have a nurse on staff at all times. Furthermore, the presence of a medical staff would have done very little, if anything, in assisting Ms. Wood with respect to her non-life-threatening condition. These facts, coupled with the fact that Ms. Wood never requested the assistance of a nurse, doctor or any medical personnel, indicate that a finding of deliberate indifference cannot follow from Defendants' failure to follow jail policy with respect to the nurse. Plaintiff also argues that Defendants were deliberately indifferent in their refusal to adopt a

---

[2]Plaintiff has offered the following circumstantial evidence to infer knowledge: a "Medical Receiving Screening Form" suggesting that Plaintiff suffered from "asthma," "fainting spells," "high blood pressure," and a "psychiatric disorder;" an incomplete jail medication log; allegations that Ms. Wood beat on her cell door asking that jailers bring her medicine; a visit and telephone call from a family friend who demanded that she receive her medication; and deposition testimony from Chief Jailer Harris that he talks with Sheriff Fleming on a daily basis regarding such day to day operations as sick inmates.

[3]The medication log indicates that Plaintiff received more than 3 pills.

policy/procedure that would provide some assurance that inmates' serious medical needs would be adequately monitored. Nevertheless, the Bibb County Jail did have a policy requiring all inmates to receive medication as required. If Ms. Wood did not receive appropriate amounts of medication, it was in violation of jail policy. Furthermore, there is no indication that either Defendant had any knowledge of such a violation.

### III. Conclusion

Accordingly, the Court finds that Plaintiff has not presented sufficient evidence of deliberate indifference to survive summary judgment in this case. Not only is the circumstantial evidence offered to show knowledge of Plaintiff's condition insufficient, the facts in the record do not suggest that Defendants played any role in refusing Plaintiff's requests. In the event the Plaintiff did not receive the medication that she was entitled to, jail policy was violated. As such, Defendants' Motion to Alter, Amend or Vacate this Court's denial of summary judgment on Plaintiff's medication claim is due to be granted, and Defendants are entitled to summary judgment on all of Plaintiff's claims.

Dated: _Dec. 21_, 1999

Judge Sam C. Pointer, Jr.

Service List:

    Richard R. Newton
    Kendrick E. Webb
    Robbie A. Hyde
    George E. Jones, III